IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR C. SOLOMON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-1680 |
| DAVITA, INC., | § § § | |
| Defendant. | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant DaVita, Inc. ("DaVita" or "Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 to the United States District Court for the Southern District of Texas, and as grounds therefore states:

### I.   TIMELINESS OF REMOVAL

On or about April 5, 2019, Plaintiff Arthur C. Solomon ("Plaintiff") filed a civil action against Defendant in the Justice Court, Precinct 3, of Fort Bend County, Texas, Case No. 19-JSC31-01153. Defendant's registered agent was served with the Statement of Claim on April 8, 2019. Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b). Defendant filed its answer in the Justice Court on April 19, 2019.

Pursuant to Local Rule 81, this Notice of Removal is accompanied by: (1) all executed process in the case; (2) all pleadings asserting causes of action and Defendant's Answer; (3) the state court docket sheet; (4) an index of matters being filed; and (5) a list of all counsel of record, including addresses, telephone numbers, and parties represented, collectively attached hereto as Exhibit A.

## II.    VENUE

The Justice Court, Precinct 3, of Fort Bend County, Texas, is located within the Houston Division of the Southern District of Texas.  28 U.S.C. § 124(b)(2).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.    JURISDICTION BASED ON FEDERAL QUESTION

This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's claims against DaVita are completely preempted by ERISA, which provides the basis for Defendant's instant removal.

Specifically, in Plaintiff's Statement of Claim, Plaintiff alleges as follows: "DaVita provided me erroneous information regarding COBRA insurance when my employment with them terminated.  This resulted in me purchasing useless health insurance from them, which caused me to be personally liable in paying several thousand dollars to my wife's healthcare providers."  Given Plaintiff's allegations, this Court has original jurisdiction of this action under the provisions of ERISA as the "COBRA benefits" and "health insurance" referred to in Plaintiff's Statement of Claim relate to and are dependent upon DaVita's employee welfare benefit plan governed by ERISA (the "Plan").

ERISA's civil enforcement provision, section 502, completely preempts state causes of action that deal with that section's subject matter.  29 U.S.C. § 1132.  Section 502 allows a plan beneficiary to bring suit: (1)"to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

terms of the plan," 29 U.S.C. § 1132(a)(1)(B), or (2) "to enjoin any act or practice which violates any provision of this title or the terms of the plan ... [or] obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan," 29 U.S.C. § 1132(a)(3). "Put simply, there is complete preemption jurisdiction over a claim that seeks relief 'within the scope of the civil enforcement provisions of § 502(a).'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). A defendant may remove such claims to federal court. *Giles*, 172 F.3d at 337. The Fifth Circuit has held that ERISA preempts a state claim if that claim "would cease to exist" if stripped of its link to the ERISA plan at issue. *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996).

While Plaintiff does not specify his exact legal claim, the Fifth Circuit has consistently held that any of the state law claims Plaintiff could conceivable assert in this matter, such as state law claims for breach of contract, violations of the Texas Deceptive Trade Practice Act and the Texas Insurance Code, fraud and fraudulent inducement, and breach of fiduciary duty, to be all preempted by ERISA. *Kellebrew v. UNUM Life Ins. Co. of Am.*, No. CIV.A. H-06-0275, 2006 WL 1050664, at *2 (S.D. Tex. Apr. 20, 2006). Accordingly, this Court has original jurisdiction of this action under the provisions of ERISA, such that this case is properly removable under 28 U.S.C. § 1441(a).

### IV.    CONCLUSION

In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served Plaintiff, who is proceeding *pro se*, and filed with the Clerk of the Justice Court, Precinct 3, of Fort Bend County, Texas. A copy of Defendant's notice of filing to the state court is attached hereto as Exhibit B.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Justice Court, Precinct 3, of Fort Bend County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

                                  Respectfully submitted,

                                  */s/ Tiffany Cox Stacy*
                                  Tiffany Cox Stacy
                                  Texas State Bar No. 24050734
                                  Fed I.D. No. 828425
                                  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                  2700 Weston Centre
                                  112 East Pecan Street
                                  San Antonio, TX  78205
                                  210-354-1300
                                  210-277-2702 (Fax)
                                  tiffany.cox@ogletree.com

                                  ATTORNEYS FOR DEFENDANT
                                  DAVITA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I have mailed a true and correct copy of the foregoing document by certified mail, return receipt requested, to the following:

Arthur C. Solomon
32819 Wesleyan Court
Weston Lakes, Texas 77441
artsolomon530@gmail.com

                                  */s/Tiffany Cox Stacy*
                                  Tiffany Cox Stacy

38430767.1
020813.000358

4